

-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES B. CURRY,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

DECISION AND ORDER
13-CV-6067L
10-CR-6087L

---

CHARLES B. CURRY,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

DECISION AND ORDER
13-CV-6069L
09-CR-6003L

---

CHARLES B. CURRY,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

DECISION AND ORDER
13-CV-6070L
09-CR-6062L

---

The petitioner, Charles B. Curry, acting *pro se*, is seeking relief pursuant to 28 U.S.C. § 2255, in the above listed matters for which he received concurrent sentences. Petitioner was directed by Order dated February 18, 2013, to complete a § 2255 Timeliness Response Form entitled

"Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255." The form allows petitioner to provide information to the Court regarding the timeliness of his motions, which has a one year statute of limitations. Petitioner has returned the completed form to the Court. For the reasons that follow, the Court finds that the petitions are barred by the limitation of time established by 28 U.S.C. § 2255.

The Court advised petitioner to provide detailed information as to why his motions for relief, filed approximately two months past the deadline for filing, should be allowed to go forward. He was specifically directed to provide detailed relevant information as to the cause of the delay and any action he took in regard to filing the motions. Further, the Timeliness Response Form asks for specific information regarding the dates petitioner received legal assistance and the nature of assistance received. The form also directs petitioner to provide facts, not conclusions.

Petitioner's completed response form does not address the Court's concerns with the issue of timeliness. He does not state when he determined that his defense attorney did not file the direct appeal. He does not state why after finding out the direct appeal was not filed, he then failed to file his § 2255 motions within the one year deadline. Instead, petitioner restates his initial argument that he requested defense counsel to file a direct appeal and counsel failed to do so. He also states the legal conclusions that he is suffering "a fundamental miscarriage of justice" and there is "extraordinary circumstance beyond petitioner's control." He does not provide facts to support any of these conclusions.

Petitioner now also states that his "actual innocence" justifies equitable tolling of the limitations period. The Second Circuit has held that there is an equitable exception to the one year limitation period where the petitioner has made a "credible and compelling showing of actual

2

innocence." *See Rivas v. Fischer*, 687 F.3d 514, 552 (2d Cir. 2012) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). "For the claim to be 'credible,' it must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.' " *Rivas*, 687 F.3d at 541, *quoting Schlup*, 513 U.S. at 324. *See also Diaz v. United States*, 2012 WL 2864526 (S.D.N.Y. July 12, 2012); *Garafola v. United States*, --- F.Supp.2d ---, 2012 WL 6622684 (S.D.N.Y. Dec. 20, 2012)(actual innocence equitable exception applied to petitions brought under § 2255). Plaintiff does not provide any facts to support his claim of "actual innocence."

The Court finds that the motions are barred by the limitation of time established by 28 U.S.C. § 2255. Petitioner's explanation is legally insufficient to justify his delay in filing the motions and therefore petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year. Petitioner has not identified any "extraordinary circumstance" which made it impossible to file his motions within the one-year time period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"), *cert. denied*, 531 U.S. 840 (2000); *see also Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights") (internal quotation marks and citation omitted).

The burden is on petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)), *cert. denied*, 536 U.S. 925 (2002). Because the Court finds that petitioner has failed to meet this high standard, the Court is constrained to apply the statute as written and dismiss the motions as untimely.

The motions are hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file his notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in each action. Requests to proceed on appeal as a poor person must be filed with the United States Court of

Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the § 2255 motions are dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: May 6, 2013
Rochester, New York